UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

R&R BOND GALLERIES, INC.,
RODIN INTERNATIONAL, INC.,
and ROBERT PREISS,

      Plaintiffs,

v.                                          CASE NO. 8:12-cv-2825-T-23MAP

ROBERT ZIEGENFUSS,
LOURDES ZIEGENFUSS, and
REED V. HORTH,

      Defendants.
_____/

## **REPORT AND RECOMMENDATION**

      R&R Bond Galleries, Inc. and Rodin International, Inc., by their agent Robert Preiss, have filed a lengthy, rambling, single-spaced complaint accompanied by twenty exhibits purporting to assert a host of claims against the Defendants: breach of contract, fraud in the inducement, trade secret violations, civil theft under Fla. Stat. § 772.11, mental distress, civil conspiracy, violation of Florida Deceptive and Unfair Practices Act, and accounting. The corporations also move for leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 (doc. 2).[1] For the reasons stated, I recommend the motion be denied and the complaint dismissed.

      A corporation may appear in federal courts only through counsel. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993)

---

[1] The district judge referred this matter for disposition.

("[A] corporation may only appear in federal courts only through licensed counsel."); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (holding a corporation "is an artificial entity that can act only through agents, cannot appear in judicial case *pro se*, and must be represented by counsel)*; see also* M.D. Fla. R. 2.03(e) ("A corporation may appear and be heard only through counsel admitted to practice in the Court pursuant to Rule 2.01 or Rule 2.02."). While Preiss may be the corporate agent, there is nothing to suggest he is their legal counsel admitted to practice before the Court. In short, he cannot represent these corporations in court even if he owned their entire stock. While this deficiency is reason enough to deny the motion to proceed *in forma pauperis,* it is not the only reason. The *in forma pauperis* statute (28 U.S.C. § 1915) limits its applicability to natural persons. *Rowland* , 506 U.S. at 201. Thus, if the Plaintiff corporations intend to sue the Defendants for a matter that is within this Court's jurisdiction (and the instant complaint seemingly fails to do even that), an attorney representing the Plaintiff corporations will have to file their complaint and pay the requisite filing fee.[2] Accordingly, I recommend the Plaintiffs' complaint be dismissed and their motion to proceed *in forma pauperis* (doc. 2) denied.

    IT IS SO REPORTED at Tampa, Florida on January 16, 2013.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

---

  [2] The complaint fails to allege diversity jurisdiction under 28 U.S.C. § 1332.

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).

cc:     Hon. Steven D. Merryday
        Counsel of Record